IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE NARANJO,

    Petitioner,

  v.

BEN CURRY, Warden,

    Respondent.

No. C 08-04769 CW (PR)

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION; AND DENYING CERTIFICATE OF APPEALABILITY

(Docket no. 9)

## INTRODUCTION

Petitioner Jose Naranjo,[1] a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the constitutionality of the denial of parole by the California Board of Parole Hearings (Board) in 2002 and 2006.

Petitioner also attempts to argue that the state violated his plea agreement, a claim the Court does not find cognizable. Plea agreements are contractual in nature and subject to contract law standards of interpretation. In re Ellis, 356 F.3d 1198, 1207 (9th Cir. 2004) (citing United States v. Hyde, 520 U.S. 670, 677-78 (1997)). Thus, a petitioner is entitled to habeas relief if he or she enters into a plea agreement with a state prosecutor, and the prosecutor breaches the agreement. Gunn v. Ignacio, 263 F.3d 965, 969-70 (9th Cir. 2001). However, after sentencing, a defendant who pleads guilty may not collaterally challenge a guilty plea that was voluntary and intelligently entered into with the advice of competent counsel. United States v. Broce, 488 U.S.

---

[1] Petitioner's name is spelled as "Naranjio" in his petition. Clerk's office staff has confirmed that the correct spelling is "Naranjo." Therefore, the Court directs the Clerk of the Court to list Petitioner's name in this action as "Naranjo."

563, 572 (1989). Nor may a defendant collaterally attack the plea's validity merely because he or she made what turned out, in retrospect, to be a poor deal. Bradshaw v. Stumpf, 545 U.S. 175, 186 (2005). Here, Petitioner's plea agreement specified that he would plead guilty to second degree murder with a firearm enhancement and, in return, the prosecutor would recommend a sentence of seventeen years to life (fifteen years to life for the murder and two years for use of a gun). The state trial court followed the prosecutor's recommendation. Petitioner does not argue that the plea agreement is anything other than the agreement accepted by the judge, nor does he argue that the prosecutor violated the agreement by pursuing a higher sentence. Therefore Petitioner's argument that his plea agreement was violated fails.

Before the Court is Respondent's motion to dismiss the remaining claims, alleging that: (1) Petitioner's claim challenging the 2006 Board denial was not properly exhausted at the state level as required by 28 U.S.C. § 2254(b)-(c); and (2) his exhausted claim challenging the 2002 Board denial is untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner did not file an opposition.

For the reasons discussed below, the Court GRANTS Respondent's motion to dismiss.

PROCEDURAL BACKGROUND

On February 15, 1990, the trial court sentenced Petitioner to seventeen years to life for second degree murder with a firearm enhancement pursuant to his plea agreement. Petitioner did not appeal his conviction.

On October 14, 1999, Petitioner was denied parole after his first hearing before the Board. On October 3, 2002, he was denied parole a second time.

On August 21, 2006, Petitioner filed a state habeas petition in Los Angeles County Superior Court challenging the 2002 Board denial. (Resp't Ex. 1.) While his superior court petition was still pending, Petitioner was denied parole a third time by the Board on September 3, 2006. The superior court subsequently denied his habeas petition on August 27, 2007. (Resp't Ex. 2.) On October 1, 2007, Petitioner filed a habeas petition in the California Court of Appeal challenging the 2002 Board denial, which was denied on December 26, 2007. (Resp't Ex. 3, 4.) On January 14, 2008, Petitioner filed a habeas petition in the California Supreme Court challenging the 2002 Board denial, which was summarily denied on July 9, 2008. (Resp't Ex. 5, 6.) On October 17, 2008, Petitioner filed the present federal petition.

DISCUSSION

I.   Exhaustion

Prisoners in state custody who wish to bring a collateral federal habeas challenge to the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The State's highest court must be given an opportunity to

3

rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the state's established appellate review process").

The exhaustion requirement is not jurisdictional, but rather a matter of comity. See Granberry v. Greer, 481 U.S. 129, 133-34 (1987). However, a district court may not grant the writ unless state court remedies are exhausted or there are exceptional circumstances. See 28 U.S.C. § 2254(b)(1); Edelbacher v. Calderon, 160 F.3d 582, 585 (9th Cir. 1998) (requiring "extremely unusual circumstances").

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the State the "initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts or (2) no state remedy remains available. Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc) (citations omitted). The specific factual basis of the federal claim must be presented to the highest state court. Kelly v. Small, 315 F.3d 1063, 1067-69 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007).

For purposes of exhaustion, pro se petitions in state court may be read differently from counseled petitions. Peterson, 319 F.3d at 1159 ("[T]he complete exhaustion rule is not to trap the unwary pro se prisoner.") (citation omitted). Neither confused

1  arguments nor poor lawyering will necessarily defeat a <u>pro se</u>
2  petitioner's otherwise-adequate efforts to assert a federal claim
3  in state court. <u>Sandgathe v. Maass</u>, 314 F.3d 371, 378 (9th Cir.
4  2002).
5      Here, Petitioner specifically challenges only the 2002 Board
6  denial in his federal habeas petition form. However, he attaches
7  the transcript from his 2006 Board denial to his federal petition;
8  therefore, the Court liberally construes his petition to include a
9  challenge to the 2006 Board denial as well.
10     While Petitioner fairly presented his challenge to the 2002
11 Board denial in state court, he has not fairly presented his
12 challenge to the 2006 Board denial. Petitioner filed his superior
13 court petition prior to his 2006 Board denial. (Pet. at Ex. D;
14 Mot. to Dismiss at Ex. 1.) Furthermore, he refers only to his
15 challenge to the 2002 Board denial in his habeas petitions filed
16 in state appellate and supreme courts. (Mot. to Dismiss at Exs.
17 3, 5.) Although he attached the 2006 Board denial transcript to
18 his federal petition, he did not do the same in his state court
19 petitions.[2] (Pet. at Ex. D.) Even if he had attached the 2006
20 transcript, simply attaching the transcript as an exhibit --
21 without raising a specific claim challenging the 2006 Board denial
22 in his petition -- is an inadequate effort to assert that claim

---

[2] Respondent has attached a copy of Petitioner's state appellate and supreme court petitions; however, one exhibit, Exhibit D, was not attached to either petition. (Mot. to Dismiss at Exs. 4, 8.) Clerk's office staff verified with Respondent's attorney that Petitioner did not attach any document as Exhibit D to his state appellate and supreme court petitions. Therefore, the Court assumes Petitioner did not attach the 2006 transcript to his state petition.

5

for relief.

The specific factual basis of Petitioner's challenge to the 2006 Board denial was not presented to the California Supreme Court; therefore, the highest state court did not address that claim. Thus, Petitioner's claim challenging the 2006 Board denial was not properly exhausted. Accordingly, the Court GRANTS Respondents' motion to dismiss the unexhausted claim challenging Petitioner's 2006 Board denial.

II. Timeliness

AEDPA, which became law on April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. The AEDPA limitation period applies when a prisoner is challenging an administrative decision such as the revocation of good time credit or denial of parole. Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003); Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004). Administrative decisions are governed by section 2244(d)(1)(D), which states that the one-year limitations period to file a federal habeas petition will begin to run on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." For administrative appeals, the "factual predicate," which causes the limitations period to run, is the denial of a prisoner's administrative appeal; it is not the denial of the state habeas petition. See Shelby, 391 F.3d at 1066.

The one-year limitations period is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In California, where prisoners generally use the state's original writ system,[3] this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of the next original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See Carey v. Saffold, 536 U.S. 214, 220-25 (2002).

A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that Oregon's two-year limitations period for the filing of state habeas petitions does not alter the operation of the AEDPA, even though prisoners who take full advantage of the two-year period will forfeit their right to federal habeas review). Section 2244(d)(2) cannot revive the limitations period once it has run. It cannot restart the clock to zero; it can only serve to pause a clock that has not yet fully run. Thus, in order to toll the limitations period under § 2244(d)(2), Petitioner in the present case should have begun to

---

[3] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the appellate court. Id. If the appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. Id. at 1006 n.3.

pursue collateral relief in state court before AEDPA's one-year limitations period had expired. See Ferguson, 321 F.3d at 823; see also Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Petitioner's 2002 Board denial was finalized on October 3, 2002. Thus, the statute of limitations for his federal habeas claim expired one year later, on October 4, 2003. Petitioner's superior court petition, filed on August 21, 2006 -- nearly three years after the limitations period had run -- cannot revive the limitations period. Petitioner does not claim he is entitled to equitable tolling during the year he had to file in state court. See Holland v. Florida, ___ U.S. ___, 78 U.S.L.W. 4555 (2010). Thus, Petitioner's challenge to the 2002 Board denial is untimely. Accordingly, the Court GRANTS Respondent's motion to dismiss the claim challenging Petitioner's 2002 Board denial.

If Petitioner has not been diligently pursuing state habeas remedies for his 2006 Board denial, which was finalized on September 3, 2006, the statute of limitations has likely run on September 4, 2007 on any claim arising out of that denial as well.

Clerk's office staff has determined that Petitioner was again denied parole by the Board on April 14, 2010. After Petitioner diligently exhausts his state court remedies, he could challenge the 2010 Board denial in accordance with Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc).[4] He must file a new habeas action in state court as soon as possible, but not later than

---

[4] Petitioner's claim of a violation of his plea agreement will not be cognizable if he raises such a claim in a new habeas action.

April 15, 2011, when the AEDPA statute of limitations will likely run. He must pursue his state habeas remedies diligently, including in the California Supreme Court. If relief is denied, he must promptly file a petition for a writ of habeas corpus in federal court. The one-year AEDPA statute of limitations is tolled while he pursues collateral relief in state court, but any remaining time will begin to run again when the California Supreme Court denies a writ.

III. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability (COA) in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

CONCLUSION

For the foregoing reasons,

1. Petitioner's claim of a violation of his plea agreement is DISMISSED as not cognizable.

2. Respondent's motion to dismiss the remaining claims (docket no. 9) is GRANTED. Petitioner's claim challenging the 2002 Board denial is DISMISSED with prejudice as untimely. Petitioner's claim challenging the 2006 Board denial is DISMISSED for failure to exhaust state remedies. This dismissal is with

prejudice because a challenge to the 2006 Board denial would be time-barred as well as moot in light of the 2010 Board denial.

    3.    Furthermore, a COA is DENIED.

    4.    The Clerk of the Court shall enter judgment in favor of Respondent, terminate as moot all pending motions, and close the file.

    5.    This Order terminates Docket no. 9.

IT IS SO ORDERED.

DATED: 8/13/2010

CLAUDIA WILKEN
United States District Judge